No. 12,695.

SCHOOL DISTRICT No. 16 IN THE COUNTY OF FREMONT ET AL. *v.* MURRAY.

(15 P. [2d] 711)

Decided. October 24, 1932.

Mr. S. HARRISON WHITE, Mr. J. D. BLUNT, for plaintiffs in error.

Mr. T. LEE WITCHER, Mr. O. P. RAY, for defendant in error.

*In Department.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

458

Mary E. Murray brought this action against school district No. 16 in Fremont county, Colorado, to recover damages in the sum of $990 and interest for its alleged breach of a contract of employment of plaintiff as a teacher. The defendant district by its then counsel filed its answer, in which the material allegations of the complaint were denied, and in its cross-complaint therein asked for damages against the plaintiff in the sum of $2,000, for her alleged failure and refusal to accept the assignment to teach the particular school in the district to which the school board had assigned her. Shortly after this answer and cross-complaint was filed, two of the attorneys for the district, who had filed the same, appeared in open court and stated there had been a recent change in the personnel of the school board and that the then constituted school board had notified them that their services were no longer desired and that they had been discharged as attorneys in the action, whereupon the court relieved them from any further liability and responsibility in the action and permitted them to withdraw from the action as attorneys for the defendant and they did so. A short time thereafter another attorney, Mr. Locke, who was so authorized by the school district board, entered his appearance in the action and advised the court that the defendant school district will not further contest the action because it believes, and has been so advised, that plaintiff's contract of employment is a perfectly valid contract and that the board has not any defense thereto. Thereupon, at Locke's request, the trial court entered a judgment on the pleadings in favor of the plaintiff for the full amount claimed.

Thereafter a petition of resident taxpayers of the district—represented by the same counsel who had previously stated to the court that the then present school district no longer required their services—was filed in court in which the petitioners asked for time in which to prepare some pleading in the cause with a view to protect their rights as such in the law suit, and they asked the

court to set aside this judgment against the defendant school board, and the court did so. These intervening taxpayers and residents of the district thereafter by counsel filed an answer to plaintiff's complaint traversing the material allegations thereof. To this answer plaintiff filed a replication and upon issues thus joined there was a trial by a jury as between the plaintiff Mrs. Murray on the one side, and the objecting resident taxpayers, as representing the district, on the other side. The result of the trial to a jury was a verdict in favor of the plaintiff for the full amount claimed, upon which verdict the trial court rendered judgment. This judgment is the one now before us for review.

The record presents rather an extraordinary proceeding. We have read and considered not merely the briefs and abstract of the record, but have resorted to the transcript and read the material parts of the evidence and the instructions of the court to the jury. No objections were made to the instructions.

██ It is doubtful if the district itself is a party to this review. And there is nothing in the record which indicates that the present school board is dissatisfied with or complains of this judgment in the plaintiff's favor. There is no error in the instructions. The questions of fact were resolved by the verdict of the jury in favor of the plaintiff. Assuming for our present purpose, but not so deciding, that the resident taxpayers of the district, the plaintiffs in error, had the right to defend this action after the school board itself had confessed that there was no valid defense thereto, and had the further right to prosecute this writ of error, we cannot disturb the judgment. The court's charge to the jury was as fair to the plaintiffs in error as the law and the facts justified, and no erroneous ruling of the trial court during the trial has been called to our attention. The questions of fact were submitted to the jury for its determination and upon abundant legal evidence the jury found in favor of the plaintiff. A written contract was entered into between

the plaintiff with the school board of the district to teach in the district for a stated compensation. There were two school houses in the district, one called the Twelve Mile school and the other Park Dale school. After this contract was entered into the school board determined not to have a school conducted at the Twelve Mile schoolhouse and arranged to have all the pupils living in that school district attend the school at Canon City. Thereafter it maintained only one school in the district, the Park Dale school. The contention of the taxpayers, who are now assuming to represent the district, was and is, that the plaintiff refused to teach in the Twelve Mile school after it had assigned her to teach therein. Not only does the plaintiff deny that she refused to teach therein, but the school board, by resolution entered in its records, abandoned that school and closed the schoolhouse and the plaintiff could not have taught school therein even if there were any pupils to be taught. The questions of fact were resolved by the jury in favor of the plaintiff and there was unquestioned credible evidence fully justifying its finding.

The judgment must be, and it is, affirmed.

Mr. Chief Justice Adams, Mr. Justice Butler and Mr. Justice Alter concur.